UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


TERRANCE WORTHAM,                    :
          Plaintiff,                 :
                                     :                    PRISONER
      v.                             :      CASE NO. 3:12-cv-1515(DJS)
                                     :
STEVEN J. PLOURDE, et al.,           :
          Defendants.                :


INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Osborn Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000).  The plaintiff names as defendants Steven J. Plourde, Barbara LaFrance, Timothy Silvis, Omprakash Pillai, Ricardo Ruiz, John Doe and Jane Doe.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.

Bell Atlantic v. Twombly, 550 U.S. 544, 555(2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff asserts four claims.  First he reasserts a qui tam claim under the federal False Claims Act.  He contends that IRS forms 1099, issued to him for years 2004-2007, listed him as self-employed, thereby avoiding payment of payroll taxes on his wages.  The plaintiff contends that defendant Plourde failed to submit required forms to support that designation.

The False Claims Act "permits private parties to bring suit on behalf of the Government against persons who knowingly present false claims for payment to an officer or employee of the Federal Government."  Woods v. Empire Health Choice, Inc., 574 F.3d 92, 98 (2d Cir. 2009).  In Wortham v. Lantz, 3:10cv1127(DJS), the court dismissed this claim because the plaintiff failed to allege any facts suggesting that a false claim for payment was presented to a federal officer or employee.  The reasserted claim does not correct the deficiency.  This claim is dismissed with prejudice.

Second, the plaintiff is reasserting a previously dismissed claim that in August 2009 his leukemia medication was not automatically refilled, causing him to be without the medication for two weeks.  He attributed the failure to reorder to defendants Silvis and LaFrance.

In the prior action, the court dismissed this claim because the plaintiff failed to allege facts showing that the denial of medication for two weeks constituted a serious medical need.  The plaintiff now states that the denial of medication could have resulted in his leukemia becoming resistant to the medication and caused him worry and stress.  To constitute a serious medical need, the condition must be one that may produce death, degeneration or extreme pain.  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  The plaintiff's added allegations do not demonstrate that he suffered a serious medical need. Accordingly, ths claim is dismissed with prejudice.  In addition, the court notes that the incident occurred in August 2009 and is barred by the three-year statute of limitations for filing a section 1983 claim.

Third, the plaintiff is reasserting a claim previously dismissed as a disagreement over treatment.  He alleges that in August 2009 he injured his right knee playing basketball. Although he was treated and given numerous x-rays, he was not given an MRI.  In December 2009, during a follow-up visit for

surgery to his left knee, the surgeon requested an MRI of the right knee.  The Utilization Review Committee denied the request for an MRI and sought additional objective data.  Defendant Pillai examined the plaintiff.  A second request for an MRI was denied because the plaintiff was doing light weight training to rehabilitate his left knee.  Subsequent requests also were denied.  In June 2012 defendant Ruiz, on behalf of the Utilization Review Committee, denied a request for an MRI.  That decision was overturned on appeal and the MRI was performed.  The plaintiff was scheduled for surgery to repair a torn ligament.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state such a claim, the plaintiff must allege facts demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  Id. at 104-06.

Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation.  Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003).  In addition, inmates are not entitled to the medical treatment of their choice.  See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).  Mere disagreement with prison

-4-

officials about what constitutes appropriate care does not state
a claim cognizable under the Eighth Amendment.  "So long as the
treatment given is adequate, the fact that a prisoner might
prefer a different treatment does not give rise to an Eighth
Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d
Cir. 1998).  The conduct complained of must "shock[] the
conscience" or constitute a "barbarous act." McCloud v. Delaney,
677 F. Supp. 230, 232 (S.D.N.Y. 1988)(internal quotation marks
omitted).  In addition, the fact that a prison official did not
alleviate a significant risk that he should have but did not
perceive does not constitute deliberate indifference. See Farmer
v. Brennan, 511 U.S. 825, 838 (1994).

There are both subjective and objective components to the
deliberate indifference standard. Hathaway v. Coughlin, 37 F.3d
63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must
be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298
(1991). The condition must be one that may produce death,
degeneration or extreme pain. Hathaway v. Coughlin, 99 F.3d 550,
553 (2d Cir. 1996).  Subjectively, the defendant must have been
actually aware of a substantial risk that the inmate would suffer
serious harm as a result of his actions or inactions. Salahuddin
v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

The plaintiff now alleges that he suffers from a torn
ligament in his right knee and must undergo surgery.  For the

-5-

purposes of this order, the court assumes that the plaintiff's medical need is serious.  In the prior action, the court dismissed this claim as a disagreement over treatment that did not rise to the level of deliberate indifference to a serious medical need.  The plaintiff alleges that defendant Pillai recommended the MRI to the Utilization Review Committee.  Thus, defendant Pillai was not deliberately indifferent to the plaintiff's medical need and there is no basis for a claim against him.

Defendant Ruiz denied the MRI request.  Two days later, the denial was overturned on appeal.  Clearly, there was a disagreement over whether the treatment was required.  To establish deliberate indifference by defendant Ruiz, however, the plaintiff must allege facts showing that defendant Ruiz was actually aware of a substantial risk that the plaintiff would suffer serious harm if he denied the MRI request.  The facts alleged demonstrate that defendant Ruiz should have realized that serious harm could result, not that he knew.  Although such allegations might state a claim of medical malpractice, they do not rise to the level of deliberate indifference.  See Farmer, 511 U.S. at 837-38; Johnson v. Department of Corrections, No. 92 Civ. 7716 (MGC), 1995 WL 121295, at *3 (S.D.N.Y. Mar. 21, 1995) ("the Eighth Amendment does not mandate the use of any particular medical technology"; granting summary judgment for defendants on

-6-

claim that prison doctor's failure to order MRI constitutes deliberate indifference).  This claim is dismissed with prejudice.

Fourth, the plaintiff alleges that following surgery on his left knee, the surgeon recommended physical therapy.  The plaintiff did not receive physical therapy and alleges that, as a result, he did not regain full strength and range of motion.  The plaintiff attributed the lack of physical therapy to defendant Pillai.  The case will proceed on this claim.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  All claims contained in the first three counts of the complaint against defendants Steven J. Plourde, Barbara LaFrance, Timothy Silvis, Omprakash Pillai, Ricardo Ruiz, John Doe and Jane Doe, claims which were previously brought and dismissed, are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.  The case will proceed only on the claim in the fourth count of the complaint for denial of prescribed physical therapy by defendant Pillai.

(2)  **The Pro Se Prisoner Litigation Office shall** verify the current work address of defendant Pillai with the Office of Legal Affairs and mail a waiver of service of process request packet to him at the confirmed address within **fourteen (14) days** of this

Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If defendant Pillai fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims.  He also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be

filed with the court.

(7)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 5th day of December 2012, at Hartford, Connecticut.

```
_____/s/ DJS_____
        Dominic J. Squatrito
        United States District Judge
```