```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

TERRANCE WORTHAM,                 :
         Plaintiff,               :
                                  :
     v.                           :    Case No. 3:12-cv-1515 (DJS)
                                  :
STEVEN J. PLOURDE, et al.,        :
         Defendants.              :
```

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Terrance Wortham, currently is incarcerated at the Osborn Correctional Institution in Somers, Connecticut. The remaining claim in this action is a claim against Dr. Omprakash Pillai for deliberate indifference to serious medical needs. The defendant has filed a motion for summary judgment. For the reasons that follow, the defendant's motion is granted.

I.   Standard of Review

A motion for summary judgment may be granted only where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See* Rule 56(a), Fed. R. Civ. P.; *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing–that is pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.

*Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying the conclusory allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment.  *Zigmund v. Foster*, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment.  *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008).

II.  Facts[1]

On or about September 11, 2008, the plaintiff slipped off a

---

[1] The facts are taken from the parties' Local Rule 54(a) Statements and the exhibits provided by the parties.

ladder while climbing down from the top bunk in the MacDougall Walker Correctional Institution in Suffield, Connecticut.  He fell on his left knee and tore his ACL and meniscus.  In September 2009, the plaintiff underwent successful surgery to repair the damage to his left knee.  Dr. Mazzocca performed the surgery.  After the surgery, Dr. Mazzocca met with the plaintiff twice.

On October 21, 2009, the plaintiff had his first post-operative consultation.  Dr. Mazzocca taught the plaintiff a range of motion exercise and told him to perform the exercise every day.  Dr. Mazzocca noted that the plaintiff needed to perform range of motion exercises that he had been taught.  The plaintiff performed the stretching exercise each morning and evening.

The plaintiff had a second consultation on December 16, 2009.  In the "Recommendations" section of the Consulation Form completed by Dr. Mazzocca, the doctor noted a need for physical therapy to increase strength and range of motion. *See* Def.'s Mem. Ex. 4, Doc. #19-10. The Recommendations section also stated that "THERAPEUTIC PROCEDURES MUST BE PRECERTIFIED AND SCHEDULED BY CMHC UR [Correctional Managed Health Care Utilization Review Committee]." *Id.* Although the consultation was for his left knee, the plaintiff complained of pain in his right knee.  Dr. Mazzocca requested an MRI of the right knee.  The request was forwarded to

the Utilization Review Committee.  The Committee requested further information from the institutional physician before making a decision.  Dr. Pillai worked in the correctional facility and was responsible for obtaining the additional information for the Utilization Review Committee.[2]  After reviewing the additional information, the Utilization Review Committee denied the request for an MRI of the right knee.

When the plaintiff returned to the correctional facility following surgery, he met with the defendant, Dr. Pillai.  In January 2010, Dr. Pillai examined the plaintiff's knee and told the plaintiff to continue to do the range of motion exercise he had been performing and to try to rehabilitate his knee.  The plaintiff performed leg extensions with between ten and twenty pounds of weights and squats without weights.  He did the exercises about twice per week.  The plaintiff also rode an exercise bike and performed calf raises.  As his leg became stronger, the plaintiff increased the frequency and number of the

---

[2]The plaintiff denies that Dr. Pillai was responsible for gathering information for the Utilization Review Committee.  He also denies other statements.  However, he identifies no admissible evidence to support the denials.  See D. Conn. L. Civil R. 56(a)3 ("each denial in an opponent's Local Rule 56(a)2 Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule ... 56(a)2 Statement[]").  Absent the required citation, the defendant's properly supported statements are deemed admitted.  Id.

exercises.  He stopped performing the exercises in February 2011 due to pain in his right knee.

Although physical therapy was included in Dr. Mazzocca's recommendations, no doctor told the plaintiff that he would receive physical therapy for his left knee. Dr. Pillai's role relative to the plaintiff did not extend to physical therapy or treatment of his left knee.  Several years after the surgery, the plaintiff obtained a copy of the medical record containing Dr. Mazzocca's December 16, 2009 recommendation.  The plaintiff named Dr. Pillai as a defendant because he did not submit a specific request for physical therapy on the left knee to the Utilization Review Committee.

III. Discussion

The only claim remaining in this case is that Dr. Pillai was deliberately indifferent to the plaintiff's serious medical need when he failed to ensure that the plaintiff received physical therapy following surgery on his left knee as recommended by the surgeon.  The defendant argues that the plaintiff fails to state a cognizable deliberate indifference claim and, even if he had, Dr. Pillai is protected by qualified immunity.

A.   Deliberate Indifference to Serious Medical Need

The defendant first contends that the plaintiff fails to state a cognizable claim.  He argues that the plaintiff's medical need was not serious and he did not disregard any risk to the

plaintiff's health.

To successfully oppose the defendant's motion for summary judgment on his claim for deliberate indifferent to a serious medical need, the plaintiff must present evidence demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  There are both subjective and objective components to the deliberate indifference standard.  *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The condition must be one that may produce death, degeneration or extreme pain.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions.  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  A difference of opinion regarding what constitutes an appropriate response and treatment does not constitute deliberate indifference to a serious medical need.  *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  Nor is negligence sufficient to establish deliberate indifference to a serious medical need.  *See Smith v. Carpenter*, 316 F.3d 178,

184 (2d Cir. 2003).  The fact that a prison official did not alleviate a significant risk that he should have, but did not, perceive does not constitute deliberate indifference to a serious medical need.  *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

First, the plaintiff has not presented evidence that he had a serious medical need for physical therapy following his successful knee surgery.  The medical need at issue in this case is not the torn ACL and meniscus.  That injury was successfully repaired during surgery.  *See* Def.'s Mem. Ex. A, Deposition Transcript at 20, Doc. #19-5 at 22:19-25.  The challenged action is the failure to provide physical therapy following surgery.  The court must focus on the specific risk of harm faced by the plaintiff as a result of the challenged deprivation of care rather than the underlying condition.  *See Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (for purposes of considering the issue of serious medical need, the court found it "appropriate to focus on" the specific treatment alleged to have been denied to the prisoner rather than on his underlying medical condition).

The plaintiff relies on the surgeon's notation in the Recommendations section of the Consultation Form.  The form clearly indicates that any recommended treatment must be approved by the Utilization Review Committee.  *See* Def.'s Mem. Ex. 4, Doc. #19-10. Thus, the surgeon's recommendation for physical therapy was not a prescribed treatment required to be followed by medical

7

staff at the correctional facility.  Another court within this circuit has held that a need for physical therapy does not constitute a serious medical need.  *See Salaam v. Adams*, No. 9:03-CV-0517 (LEK/GHL), 2006 WL 2827687, at *10 (N.D.N.Y. Sept. 29, 2006) (complaints of back pain requiring treatment with pain relievers and physical therapy did not constitute a sufficiently serious medical need to invoke Eighth Amendment protection).  A recommendation for physical therapy, without more, does not constitute a serious medical need.

Further, even if the court were to find that physical therapy following surgery was a serious medical need, Dr. Pillai argues that he was not deliberately indifferent to that need. The plaintiff faults Dr. Pillai for failing to submit a specific request for physical therapy to the Utilization Review Committee.

In addition to mentioning physical therapy, Dr. Mazzocca also noted on the December 16, 2009 Consultation Form that the plaintiff "needs to do ROM [range of motion] exercises" and "needs to kneel down 1-5 times a day to [increase] flexion." Def.'s Mem. Ex. 4, Doc. #19-10.  The plaintiff conceded at his deposition that the Dr. Mazzocca had instructed him in range of motion exercises to perform daily.  *See* Doc. #19-5 at 35:12-21; 36:2-10.  He also stated that, in January 2010, Dr. Pillai told him to continue to do the range of motion exercises and try to restrengthen the muscles around his knee.  *See* Doc. #19-5 at

51:4-16. In cases where an inmate was instructed on exercises to do on his own, courts have dismissed claims for deliberate indifference to a serious medical need to receive physical therapy. *See, e.g., Villareal v. Walker*, No. 06-CV-3266, 2009 WL 801637, at *7 (C.D. Ill. Mar. 24, 2009) (granting summary judgment on claim that doctor was deliberately indifferent to serious medical need for physical therapy where doctor showed plaintiff exercises to do on his own rather than send him to a physical therapist; fact that exercises did not work to restore function of hand does not support inference of deliberate indifference).

In light of the instruction provided by Dr. Mazzocca, the court concludes that Dr. Pillai's failure to submit a request for physical therapy to the Utilization Review Committee was, at most, negligence which is not cognizable under section 1983. The defendant's motion for summary judgment is granted.

B.   Qualified Immunity

The defendant also contends that he is protected by qualified immunity. A state official is protected by qualified immunity from a suit for damages unless the plaintiff can show that the state official violates a statutory or constitutional right and that the right was "clearly established" at the time of the alleged violation. *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S.

9

800, 818 (1982)).  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *Id.* at 2083 (internal quotation marks omitted).  The court does "not require a case directly on point, but existing precedent must have placed the . . . constitutional question beyond debate."  *Id.*  "If an official's conduct did not violate a clearly established constitutional right, or if the official reasonably believed that his conduct did not violate such a right, then he is protected by qualified immunity."  *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013).  When considering a claim of qualified immunity, the court need not consider these questions in any particular order.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In opposition to the motion, the plaintiff argues that it is not clear that Dr. Pillai is a state actor or that he seeks damages from Dr. Pillai in his individual capacity.  Both arguments are without merit.

Dr. Pillai is employed at the University of Connecticut Health Center and works at Connecticut correctional facilities to provide health care to inmates.  As the University of Connecticut Health Center is a state agency, Dr. Pillai is a state actor.  In addition, the plaintiff seeks only damages on this claim.  The

Eleventh Amendment precludes a claim for damages against a state official in his official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Thus, the only way the plaintiff could recover damages from Dr. Pillai is to name him as a defendant in his individual capacity.

In light of the law discussed above, the court concludes that a reasonable official in Dr. Pillai's position would not understand that encouraging an inmate to perform exercises he was taught by a doctor, rather than sending him to physical therapy, violated the inmate's constitutional rights.  Accordingly, Dr. Pillai also would be protected by qualified immunity.

IV.  Conclusion

The defendant's motion for summary judgment [**Doc. #19**] is **GRANTED**.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 5th     day of September 2014, at Hartford, Connecticut.


                     /s/  DJS
                Dominic J. Squatrito
                United States District Judge